[No. 13881.   Department Two.   August 29, 1917.]

MOUNTAIN TIMBER COMPANY, *Respondent*, v. MANUFACTUR-ING WOOD WORKERS UNDERWRITERS, *Appellant*.[1]

INSURANCE—UNINCORPORATED ASSOCIATIONS — ACTIONS — POLICY—CONDITIONS. The right to maintain an action against an unincorporated association of underwriters in name and its attorney in fact and two of its members, to secure an adjudication of the amount due on a fire insurance policy and payment thereof from funds of the association, is in no way restricted by terms in the policy providing that, to avoid a multiplicity of suits, no suit shall be brought against more than one of the underwriters at any time, final adjudication in which shall be decisive of similar claims against and binding upon other members, especially where there is no other action upon the policy pending against any of the members of the association.

SAME—UNINCORPORATED ASSOCIATION—ACTIONS—JUDGMENT—FORM AND EFFECT. In such action, judgment is properly rendered against the association in name, where it and its attorney in fact answered on the merits, and the judgment may be satisfied from funds of the association on hand; and is conclusive upon all the members, where two of the members were parties to the suit, although it does not determine the amount each shall contribute.

APPEAL—REVIEW—HARMLESS ERROR—INTERVENTION. Errors in allowing an intervention and committed at the trial to the prejudice of appellant as against interveners, are not ground for a reversal of the judgment as against the plaintiff, where the court found against the interveners.

Appeal from a judgment of the superior court for Cowlitz county, Darch, J., entered May 23, 1916, upon findings in favor of the plaintiff, in an action on a fire insurance policy, tried to the court.   Affirmed.

[1]Reported in 167 Pac. 93.

*H. T. Granger,* for appellant.

*Edmund C. Strode, Coy Burnett,* and *A. H. Imus,* for respondent.

PARKER, J.—The plaintiff, Mountain Timber Company, seeks recovery upon a fire insurance policy issued to it by the defendant Manufacturing Wood Workers Underwriters, an unincorporated mutual insurance association. The action was commenced and prosecuted in the superior court against the association in name, Lee Blakemore, Incorporated, as attorney in fact for the association, and two of the members of the association. The action was prosecuted upon the theory that it was one in equity. The object of the plaintiff was to have judicially determined the total amount due upon the policy, to subject funds of the association in the hands of its attorney in fact to the payment thereof, and recover judgment against those members of the association who are made parties to the action. The association appeared generally in name and answered to the merits, as did also the other defendants. Trial in the superior court upon the merits resulted in findings and the awarding of recovery of the amount found due upon the policy, in the form of an ordinary money judgment entered against the association in name, leaving undetermined the amount to be contributed toward the payment thereof by the several members of the association. From this judgment, the association has appealed to this court. None of the other defendants have appealed.

The principal contention here made in appellant's behalf is that it is not such a legal entity that judgment can be lawfully rendered against it in name, because it is an unincorporated association, and also because the policy sued upon, by its terms, limits the right of recovery thereon to actions against its members. No contention is here made upon the merits of respondent's claim, nor are we concerned with any facts other than those which appear in the pleadings, there being no statement of facts before us.

The policy was issued in the name of the association and signed by its attorney in fact. Its only provisions which we consider necessary to be here noticed are the following:

"Manufacturing Wood Workers Underwriters.
"Chicago, Ill.

"In consideration of the stipulations herein named and of the deposit of three hundred thirty-six and 30-100 dollars premium, does insure Mountain Timber Company for the term of one year from the 20th day of June, 1914, at noon, to the 20th day of June, 1915, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding fifteen thousand dollars to the following described property. . . .

"In the event of litigation herein, to avoid a multiplicity of suits, no suit or other proceedings at law or in equity shall in any event be begun or maintained for the recovery of any claim upon, under or by virtue of this policy against more than one of the underwriters hereon at any time, nor in any court other than the highest court of original jurisdiction; and that a final decision in such suit, or other proceedings, shall be taken to be decisive of the similar claim, so far as the same may subsist, against each of the other underwriters hereon, absolutely fixing his liability in the premises, each of the underwriters hereon, in consideration of this entire stipulation, so far as he individually is or may be concerned, expressly agrees to accept and abide by the result of such final decision in the same manner and to the same effect as if he had been sole defendant in a similar suit or proceeding as to the similar claim against him, so far as the same may subsist, save and except, however, as to the matter of cost and disbursements. And the attorney in fact is hereby authorized as to each underwriter hereon, to receive and admit service of process in any suit or other proceeding begun or maintained as aforesaid. . . . .

"The Manufacturing Wood Workers Underwriters, herein also called the 'Subscribers,' are individuals, firms and corporations that have each executed an agreement (hereby made a part hereof) which vests in Lee Blakemore Incorporated, of Chicago, Illinois, herein called the 'Attorney in Fact,' the power to underwrite and issue this policy for them. It is understood and agreed that there is assumed by each subscriber including the assured hereunder, as if a

separate policy was issued therefor, a sum which is the same proportion of the aggregate liability hereunder that each subscriber's premium deposit bears to the aggregate of all the subscriber's premium deposits under all policies in effect at the time of any loss.

"In Witness Whereof, the said attorney in fact has executed these presents for the subscribers this 20th day of June, 1914, at Chicago, Illinois.

"Lee Blakemore, Incorporated.

"Lee Blakemore, President.

"Atty. in Fact for the Underwriters."

We are unable to read these provisions of the policy and arrive at the conclusion that there is any restriction therein upon respondent's right to maintain an action against the association in name and its attorney in fact and its members, looking to the rendering of a judgment adjudicating the amount of respondent's claim and its right to have the same paid from funds of the association. This, we think, is especially true if there be no other action pending against any of the members of the association looking to recovery upon the policy from such members individually. It is not claimed there is any other action pending wherein respondent is seeking recovery upon this policy. Nor is it suggested anywhere in this record that there is a misjoinder of parties in this action, unless we may consider this contention is such a suggestion, which, however, has been first made in the action upon this appeal. We think that these provisions of the policy can in no event mean more than that respondent shall not commence and prosecute more than one action, and that against one member at one time upon the policy, looking to recovery from the members as individuals. Whether or not respondent's right of action against the several members individually is so limited may be regarded as doubtful, in view of other provisions of the policy; a question, however, which we find it unnecessary to decide. We are quite clear, in any event, that respondent may rightfully maintain this action.

In *Warfield-Pratt-Howell Co. v. Williamson*, 233 Ill. 487, 84 N. E. 706, the supreme court of Illinois dealt with a situation similar to that here involved, and expressed views in harmony with our conclusion that respondent has the right to maintain this action.

The contention that the trial court could not lawfully render a judgment against appellant in the form the judgment was rendered in this action, we think is equally unavailing to appellant. That the court had jurisdiction, by virtue of the appearance and pleading to the merits by the attorney in fact and the defendant members of the association, seems too plain for argument, in view of the provisions of the policy above quoted. It seems to us to clearly follow that neither the association, the attorney in fact, nor the defendant members, all of whom appeared and answered to the merits, can complain of the form of this judgment. Read in the light of the pleadings and the findings upon which it rests, we are of the opinion that it is a valid judgment as against whatever funds the association may now or in the future have on hand for the purpose of satisfying claims of loss under its policies. We are also of the opinion that it is a final adjudication of the amount due upon the policy from the association and all its members, since two of its members were parties to the action, though it does not determine the amount each shall contribute towards payment of the total amount in the event the judgment cannot be satisfied from funds of the association on hand.

Some contention is made that the trial court erred in allowing intervention in the action by certain parties claiming to be assignees of respondent of the amount due upon this policy. The trial court found that the interveners possessed no such rights as prevented respondent from maintaining this action. It seems plain, therefore, that appellant was not prejudiced by the allowance of the interventions, in so far as is concerned its right to have any such errors considered by us at this time as cause for the reversal of the

judgment rendered in respondent's favor. It is possible some error may have been committed by the trial court working to the prejudice of appellant as against the interveners. But that cannot entitle appellant to claim such errors as a cause for reversal as against respondent.

The judgment is affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and HOLCOMB, JJ., concur.